NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-4229
_____

UNITED STATES OF AMERICA

v.

KEENA J. STANTON
a/k/a Lloyd Jackson
a/k/a Travis Jackson
a/k/a Keenan Stanton

Keena J. Stanton,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-11-cr-00057-001)
District Judge:  Honorable Nora B. Fischer

Submitted Under Third Circuit L.A.R. 34.1(a)
July 12, 2021

BEFORE:  SHWARTZ, NYGAARD, and RENDELL, *Circuit Judges*

__(Opinion filed: August 05, 2021)
_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Keena Stanton appeals the sentence imposed by the District Court.[1] Because he failed to demonstrate that the sentence is unreasonable, we will affirm.[2]

Police arrested Stanton in July 2010 following an attempt to stop him for a traffic violation, which led to a high-speed chase. Police later recovered a sawed-off shotgun thrown from his vehicle during the pursuit. His probation officer became aware of these events three days after the arrest. By then Stanton had been released on bond. Police found him in September 2010 and rearrested him. They discovered bags of crack cocaine, amounting to 3.81 grams, in his pocket. Police also searched the house in which he was arrested and found, among other items, two semi-automatic pistols.

The Government included all these facts in one superseding multi-count indictment. A jury convicted Stanton on Count One, possession of a firearm and ammunition by a convicted felon under 18 U.S.C. § 922(g)(1) and 924(e), and Count Four, possession with intent to distribute crack cocaine under 21 U.S.C. §841(a)(1) and 841(b)(1)(c).

We remanded Stanton's first appeal, on a joint motion, to examine the effect of our decision in *United States v. Brown*, 765 F.3d 185 (3d Cir. 2014), on Stanton's status

---

[1] We have jurisdiction to review the sentence under 18 U.S.C. § 3742(a).

[2] In a prior opinion we addressed Stanton's challenge to the District Court's denial of his motion to suppress evidence at his trial. *See United States v. Stanton*, 744 F.App'x. 762 (3d Cir. 2018). Moreover, after the Supreme Court ruled in *Borden v. United States*, 141 S.Ct. 1817 (2021), the Government moved to withdraw its cross-appeal challenging the District Court's decision to not apply the career offender guideline, U.S.S.G. § 4B1.2, to Stanton's resentencing. We granted the motion. *See United States v. Stanton*, No. 16-4395 (3d Cir. June 30, 2021).

under the Armed Career Criminal Act, 18 U.S.C. § 922(g)(1).[3] The District Court determined that Stanton could no longer be classified as an armed career criminal, but it did not change the sentence of 262 months in prison because Stanton still met the definition of a career offender. *See* U.S.S.G. § 4B1.2.

We remanded Stanton's second appeal, on his motion, for the District Court to examine the impact of *Johnson v. United States*, 576 U.S. 591 (2015), on his classification as a career offender.[4] The District Court sustained Stanton's objections to his career-offender status because, as it later explained in the sentencing hearing, post-*Johnson* "the prior sentence of 262 months would now be deemed unconstitutional because it was based on what has now been found to be an unconstitutional application of the career offender guideline." App. 228.

With an offense level of twenty-eight and a criminal history category of five, the District Court concluded that Stanton's Guidelines range was now 130 to 162 months. It resentenced Stanton to 162 months in prison and six years of supervised release on Count Four and, running concurrently, 120 months of imprisonment and three years of supervised release on Count One. He was assessed $200. Stanton maintains that this sentence is unreasonable.

"Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

---

[3] *See United States v. Stanton*, No. 14-1166 (3d Cir. Dec. 5, 2014).
[4] *See United States v. Stanton*, No. 15-2331 (3d Cir. Dec. 2, 2015).

Stanton concedes that the sentence was procedurally reasonable, noting that "the district court gave thoughtful consideration to both Government's and the Appellant's requests for departure and variance."  Brief for Appellant at 18.

Thus, we turn to the substantive reasonableness of the sentence.  The party challenging the sentence has the burden of proof; we apply an abuse of discretion standard.  *See United States v. Tomko*, 562 F.3d 558, 566-67 (3d Cir. 2009) (en banc). The focus of our inquiry is "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. 3553(a)."  *Id.* at 568 (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007)(en banc)).  We will affirm a sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  *Id.*

Stanton generally contends that a sentence at the top of the Guidelines range exaggerates the seriousness of his offenses.  *See* 18 U.S.C. § 3553(a)(2)(A).  He first argues that it is unreasonable because there are not any aggravating circumstances.  Yet, he fails to convince us that such circumstances are necessary, particularly for a sentence within the Guidelines.  *Cf. Gall v. United States*, 552 U.S. 38, 47 (2007) (rejecting "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range.")

He next asserts the District Court did not adequately consider the difficult circumstances of his confinement.  Although Stanton's argument on this point is not entirely clear, he seems to maintain that his life inside the prison since his conviction is a

4

mitigating factor and should have been considered by the District Court as an element of post-conviction rehabilitation. Regardless, the District Court reviewed Stanton's life since his imprisonment and heard his description of living in a violent environment among inmates serving life terms. It listened to his account of events that resulted in two disciplinary actions—fighting and possessing a weapon (a lock inside a sock)—and his explanation that both of these arose from a need for self-defense from a violent cellmate. It also noted his characterization of a third offense, being insolent, as a minor event. Finally, the District Court heard how the frequent prison-wide lockdowns, necessitated by repeated disturbances in the prison, prevented Stanton from attending classes to complete his GED. Stanton claims the District Court did not weigh this evidence, which he says favors a sentence in the mid-to-lower end of the Guidelines range. But the record shows that the District Court explicitly referenced all of it and gave reasonable and meaningful consideration to it in its deliberation on his sentence.

The District Court also considered the decrease in Guidelines range that was prompted by *Johnson* and its progeny, and it noted that the severity of the underlying offenses did not change. It said: "Certainly, though, Mr. Stanton, the underlying offenses with which you engaged were serious, and they were worthy of a significant penalty, and 130 to 162 months remains serious. You had some crack cocaine, you had a sawed-off shotgun, and there were two semi-automatic pistols involved." App. 229. It concluded that the sentence was "sufficient but not greater than necessary." *Id.* at 244.

All of this convinces us that the District Court conducted a thorough analysis of the Section 3553(a) sentencing factors and properly considered, within its sound

5

discretion, the seriousness of the offense. We therefore conclude that Stanton has failed to carry his burden of showing that the sentence is unreasonable.

For all these reasons, we will affirm the judgment of sentence.